## No. 965.

THOMAS C. ANDERSON, ADMINISTRATOR AND AGENT, ET AL. VS. BENJAMIN A. SMITH, ADMINISTRATOR.

Plaintiffs instituted proceedings to compel defendant to give additional security as administrator of the estate of the deceased, whose heirs they allege to be, because the sureties on his bond had become insolvent and had enjoined him from acting further in that capacity until his furnishing the required security. The injunction was released on a bond of three thousand dollars by the judge who issued it. From this interlocutory order plaintiff has appealed.

The motion to dismiss the appeal because the value of the succession is not stated in the petition, and, because there is nothing to show that the matter in dispute exceeds five hundred dollars, can not prevail. The judge fixed the injunction bond at three thousand dollars. This is satisfactory proof that the matter in dispute must exceed five hundred dollars. Besides, appellants have filed in this court an affidavit showing that the value of the succession is largely in excess of that sum.

The motion, however, to dismiss the appeal because the order appealed from can not work an irreparable injury to appellants is well taken. There is nothing to show that the value of the succession exceeds the amount of the release-bond. It will amply protect appellants from loss resulting from the release of the injunction.

It is the evident interest of the succession that the administrator should be in a position to discharge his duties pending the litigation, and the judge a quo exercised a wise discretion in releasing on bond the injunction restraining the performance of such duties.

APPEAL from the Parish Court, parish of St. Landry.  *Garrigues, J.   John E. King & B. A. Martel,* for plaintiffs and appellants.  *Henry L. Garland,* for defendant and appellee.

WYLY, J.  Plaintiffs, claiming to be heirs of the succession of Theresa A. Hardy, of which defendant has been administrator since 1864, instituted proceedings to compel him to give additional security, the sureties on his bond having become insolvent; they also enjoined him from acting further in said capacity until he gives the required security.

48

Anderson vs. Smith.

This injunction was released on a bond of three thousand dollars, fixed by the judge who issued it.

From this interlocutory order setting aside the injunction on bond the plaintiffs appeal. Appellee moves to dismiss the appeal because the value of the succession is not stated in the petition, and there is nothing to show the matter in dispute exceeds five hundred dollars.

That the judge fixed the injunction bond at three thousand dollars satisfies us that the matter in dispute must exceed five hundred dollars. Besides, appellants have filed in this court an affidavit showing that the value of the succession is largely in excess of five hundred dollars. Appellee also moves to dismiss the appeal because the order appealed from can not work an irreparable injury to appellants. This motion is well taken. There is nothing to show that the value of the succession exceeds the amount of the release bond; it will amply protect appellants from loss resulting from the release of the injunction. It is the evident interest of the succession that the administrator should be in a position to discharge his duties pending the litigation, and it occurs to us the judge exercised a wise discretion in releasing on bond the injunction restraining the performance of such duties.

It is therefore ordered that the appeal herein be dismissed at appellants' costs.